IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YOXSAIRA ROBLES RIVERA
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 16-2534CCC
(Related Cr. 13-0124-36CCC)

**OPINION AND ORDER**

Before the Court is Yoxsaira Robles Rivera's (hereinafter "Petitioner" or "Robles Rivera") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed on August 23, 2016 (**d.e. 1**). On November 28, 2016, the United States of America (hereinafter "Respondent") filed a Motion to Dismiss the Petition (**d.e. 5**). For the reasons discussed below, the Court finds the Petition shall be dismissed.

**I.    BACKGROUND**

On October 2, 2013, Yoxsaira Robles Rivera pled guilty to conspiracy to possess with intent to distribute at least 500 grams, but less than 2 kilograms of cocaine within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841 (b)(1) (C) and 860 (Criminal No. 13-124(CCC), d.e. 577, d.e. 579). On August 5, 2014, she was sentenced to serve a term of imprisonment of 60 months (Criminal No. 13-124(CCC), d.e. 1159). Petitioner filed her 28 U.S.C. § 2255 motion seeking reduction of sentence under Johnson v. United States, 135 S.Ct. 2551 (2015)[1].

---

[1] On October 19, 2016, the Federal Public Defender ("FPD") filed an Informative Motion and Request to Withdraw as Counsel, stating that Petitioner "does not appear to have been sentenced under nor subject to a guideline provision potentially affected by *Johnson*, and her conviction did

## II. DISCUSSION

In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" 18 U.S.C. Section 924(e)(2)(B)(ii) (emphasis added). The underlined portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide- ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed. 2d 387 (2016).

In the instant case, the record does not support Petitioner's claim of relief under Johnson. Petitioner was convicted and sentenced under 21 U.S.C.

---

not involve a 'crime of violence' or a 'violent felony.'" (d.e. 3).

§ 841(b)((1)(C)'s provision pertaining to a drug trafficking crime, not a "violent felony." Petitioner's Criminal History Category (CHC) was determined to be I, and she was not sentenced as a career offender. The record reflects that Petitioner was convicted and sentenced pursuant to statutory provisions **not** affected by Johnson. Consequently, Johnson is inapplicable to the circumstances of Petitioner's case. Accordingly, Yoxsaira Robles Rivera's Motion seeking a reduction of sentence under Johnson is DENIED.

### III. CONCLUSION

For the reasons stated, the Court GRANTS Respondent's Motion to Dismiss the Petition (**d.e. 5**). Accordingly, Petitioner Yoxsaira Robles Rivera's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**) is DISMISSED, with prejudice. Judgment shall be entered on this same date.

SO ORDERED.

At San Juan, Puerto Rico, on March 20, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge